UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KRISTIN SHAW,

<table>
<tr><td></td><td>Plaintiff,</td><td>**ANSWER**</td></tr>
<tr><td></td><td></td><td>25-cv-66 (AMN/ML)</td></tr>
</table>

v.

NEW YORK STATE OFFICE FOR PEOPLE
WITH DEVELOPMENTAL DISABILITIES;
WILLIS LEGGETT, individually and in his
official capacity; DAWN WELLINGTON,
individually and in her official capacity;
JAMES WRIGHT, individually and in his
official capacity; and ISAIAH BROWN,
individually and in his official capacity,

Defendants.

Defendants New York State Office for People with Developmental Disabilities ("OPWDD"), and Willis Leggett, Dawn Wellington, James Wright and Isaiah Brown in their individual and official capacity, by their attorney, Letitia James, the Attorney General of the State of New York, Erin Mead, Assistant Attorney General, of counsel, answer the Amended Complaint dated March 30, 2025 (the "Complaint") as follows:

1. With respect to the allegations in paragraph 1 of the Complaint, the Defendants assert that this paragraph contains a statement of the case and does not require a formal response.  Notwithstanding, deny that Defendants committed any action contrary to constitutional, federal or state statutory, regulatory, case law, or committed any other wrongdoing.

2. Deny the allegations contained in Paragraph 2 of the Complaint.

3. Deny the allegations contained in Paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Admit the allegations contained in Paragraph 5 of the Complaint.

6. Admit the allegations contained in Paragraph 6 of the Complaint.

7. As for the allegations contained in Paragraph 7 of the Complaint, admit insofar that one of OPWDD's responsibilities is to coordinate services for New Yorkers with developmental disabilities.

8. As to the allegations contained in Paragraph 8 of the Complaint, admit insofar that OPWDD employs a number of individuals throughout the State of New York.

9. As to the allegations contained in Paragraph 9 of the Complaint, admit that OPWDD operates numerous residential group homes throughout the State of New York, including a facility located at 397 Delaware Avenue, Delmar, New York 12054.

10. Admit the allegations contained in Paragraph 10 of the Complaint.

11. As to the allegations contained in Paragraph 11 of the Complaint, admit that Defendant Willis Leggett is an employee of OPWDD and deny remainder.

12. Admit the allegations contained in Paragraph 12 of the Complaint.

13. As to the allegations contained in Paragraph 13 of the Complaint, admit that Defendant Dawn Wellington is an employee of OPWDD and deny remainder.

14. Admit the allegations contained in Paragraph 14 of the Complaint.

15. As to the allegations contained in Paragraph 15 of the Complaint, admit that Defendant James Wright is an employee of OPWDD and deny remainder.

16. Admit the allegations contained in Paragraph 16 of the Complaint.

17. As to the allegations contained in Paragraph 17 of the Complaint, admit that Defendant Isaiah Brown is an employee of OPWDD and deny remainder.

18. With respect to paragraph 18 of the Petition, no response is required because this is merely a statement of venue. To the extent a response is required, Defendants admit venue is proper.

19. With respect to paragraph 19 of the Petition, no response is required because this is merely a statement of subject matter jurisdiction. To the extent a response is required, Defendants admit proper subject matter jurisdiction.

20. With respect to paragraph 20 of the Petition, no response is required because this is merely a statement of venue. To the extent a response is required, Defendants admit venue is proper.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Admit the allegations contained in Paragraph 26 of the Complaint.

27. Admit the allegations contained in Paragraph 27 of the Complaint.

28. Deny the allegations contained in Paragraph 28 of the Complaint.

29. Deny the allegations contained in Paragraph 29 of the Complaint.

30. Deny the allegations contained in Paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Deny the allegations contained in Paragraph 32 of the Complaint.

33. Deny the allegations contained in Paragraph 33 of the Complaint.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

35. Deny the allegations contained in Paragraph 35 of the Complaint.

36. Deny the allegations contained in Paragraph 36 of the Complaint.

37. Deny the allegations contained in Paragraph 37 of the Complaint.

38. Deny the allegations contained in Paragraph 38 of the Complaint.

39. Deny the allegations contained in Paragraph 39 of the Complaint.

40. Deny the allegations contained in Paragraph 40 of the Complaint.

41. Deny the allegations contained in Paragraph 41 of the Complaint.

42. Deny the allegations contained in Paragraph 42 of the Complaint.

43. Deny the allegations contained in Paragraph 43 of the Complaint.

44. Deny the allegations contained in Paragraph 44 of the Complaint.

45. Deny the allegations contained in Paragraph 45 of the Complaint.

46. Deny the allegations contained in Paragraph 46 of the Complaint.

47. Deny the allegations contained in Paragraph 47 of the Complaint.

48. Deny the allegations contained in Paragraph 48 of the Complaint.

49. Deny the allegations contained in Paragraph 49 of the Complaint.

50. Deny the allegations contained in Paragraph 50 of the Complaint.

51. Deny the allegations contained in Paragraph 51 of the Complaint.

52. Deny the allegations contained in Paragraph 52 of the Complaint.

53. Deny the allegations contained in Paragraph 53 of the Complaint.

54. Deny the allegations contained in Paragraph 54 of the Complaint.

55. Deny the allegations contained in Paragraph 55 of the Complaint.

56. Deny the allegations contained in Paragraph 56 of the Complaint.

57. Deny the allegations contained in Paragraph 57 of the Complaint.

58. Deny the allegations contained in Paragraph 58 of the Complaint.

59. Deny the allegations contained in Paragraph 59 of the Complaint.

60. Deny the allegations contained in Paragraph 60 of the Complaint.

61. Deny the allegations contained in Paragraph 61 of the Complaint.

62. Deny the allegations contained in Paragraph 62 of the Complaint.

63. Deny the allegations contained in Paragraph 63 of the Complaint.

64. Deny the allegations contained in Paragraph 64 of the Complaint.

65. Deny the allegations contained in Paragraph 65 of the Complaint.

66. Deny the allegations contained in Paragraph 66 of the Complaint.

67. Deny the allegations contained in Paragraph 67 of the Complaint.

68. Deny the allegations contained in Paragraph 68 of the Complaint.

69. Deny the allegations contained in Paragraph 69 of the Complaint.

70. Deny the allegations contained in Paragraph 70 of the Complaint.

71. Deny the allegations contained in Paragraph 71 of the Complaint.

72. Deny the allegations contained in Paragraph 72 of the Complaint.

73. Deny the allegations contained in Paragraph 73 of the Complaint.

74. Deny the allegations contained in Paragraph 74 of the Complaint.

75. Deny the allegations contained in Paragraph 75 of the Complaint.

76. Deny the allegations contained in Paragraph 76 of the Complaint.

77. Deny the allegations contained in Paragraph 77 of the Complaint.

78. Deny the allegations contained in Paragraph 78 of the Complaint.

79. Deny the allegations contained in Paragraph 79 of the Complaint.

80. Deny the allegations contained in Paragraph 80 of the Complaint.

81. Deny the allegations contained in Paragraph 81 of the Complaint.

82. Deny the allegations contained in Paragraph 82 of the Complaint.

83. Deny the allegations contained in Paragraph 83 of the Complaint.

84. Deny the allegations contained in Paragraph 84 of the Complaint.

85. Deny the allegations contained in Paragraph 85 of the Complaint.

86. Deny the allegations contained in Paragraph 86 of the Complaint.

87. As to the allegations contained in Paragraph 87 of the Complaint, deny the allegations of ongoing harassment and deny knowledge or information sufficient to form a belief as the remainder of the allegations asserted.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91. Deny the allegations contained in Paragraph 91 of the Complaint.

92. Deny the allegations contained in Paragraph 92 of the Complaint.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98. Deny the allegations contained in Paragraph 98 of the Complaint.

99. Deny the allegations contained in Paragraph 99 of the Complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101. Deny the allegations contained in Paragraph 101 of the Complaint.

102. Deny the allegations contained in Paragraph 102 of the Complaint.

103. Deny the allegations contained in Paragraph 103 of the Complaint.

104. Deny the allegations contained in Paragraph 104 of the Complaint.

105. Deny the allegations contained in Paragraph 105 of the Complaint.

106. Deny the allegations contained in Paragraph 106 of the Complaint.

107. Deny the allegations contained in Paragraph 107 of the Complaint.

108.    Deny the allegations contained in Paragraph 108 of the Complaint.

109.    Deny the allegations contained in Paragraph 109 of the Complaint.

110.    Deny the allegations contained in Paragraph 110 of the Complaint.

111.    Deny the allegations contained in Paragraph 111 of the Complaint.

112.    Deny the allegations contained in Paragraph 112 of the Complaint.

113.    Deny the allegations contained in Paragraph 113 of the Complaint.

114.    Deny the allegations contained in Paragraph 114 of the Complaint.

115.    Deny the allegations contained in Paragraph 115 of the Complaint.

116.    Deny the allegations contained in Paragraph 116 of the Complaint.

117.    Deny the allegations contained in Paragraph 117 of the Complaint.

118.    Deny the allegations contained in Paragraph 118 of the Complaint.

119.    Deny the allegations contained in Paragraph 119 of the Complaint.

120.    Deny the allegations contained in Paragraph 120 of the Complaint.

121.    Deny the allegations contained in Paragraph 121 of the Complaint.

122.    Deny the allegations contained in Paragraph 122 of the Complaint.

123.    Deny the allegations contained in Paragraph 123 of the Complaint.

124.    Deny the allegations contained in Paragraph 124 of the Complaint.

125.    Deny the allegations contained in Paragraph 125 of the Complaint.

126.    Deny the allegations contained in Paragraph 126 of the Complaint.

127.    Deny the allegations contained in Paragraph 127 of the Complaint.

128.    As to the allegations contained in Paragraph 128 of the Complaint, admit that Plaintiff was directed to attend a pre-termination interview and deny remainder.

129.    In regard to the allegations contained in Paragraph 129 of the Complaint, deny Plaintiff's inability to return to work was due to harassment, discrimination and retaliation that she was facing at OPWDD and deny the remainder.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint.

131.    As to the allegations contained in Paragraph 131 of the Complaint, admit that Plaintiff was terminated on February 15, 2022.

132.    Deny the allegations contained in Paragraph 132 of the Complaint.

133.    Deny the allegations contained in Paragraph 133 of the Complaint.

134.    As to the allegations contained in Paragraph 134 of the Complaint, admit that Defendants Wright, Brown, Wellington and Leggett are employed by OPWDD and deny remainder.

135.    Deny the allegations contained in Paragraph 135 of the Complaint.

## FIRST CAUSE OF ACTION

136.    As to the allegations contained in Paragraph 136 of the Complaint, Defendants re-state all prior responses as if fully set forth herein.

137.    As to the allegations contained in Paragraph 137 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity. As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 137 of the Complaint.

138.    As to the allegations contained in Paragraph 138 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of

action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139. As to the allegations contained in Paragraph 139 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140. As to the allegations contained in Paragraph 140 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 140 of the Complaint.

141. As to the allegations contained in Paragraph 141 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142. As to the allegations contained in Paragraph 142 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143.    As to the allegations contained in Paragraph 143 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 143 of the Complaint.

## SECOND CAUSE OF ACTION

144.    As to the allegations contained in Paragraph 144 of the Complaint, Defendants re-state all prior responses as if fully set forth herein.

145.    As to the allegations contained in Paragraph 145 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146.    As to the allegations contained in Paragraph 146 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147.    As to the allegations contained in Paragraph 147 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148.    As to the allegations contained in Paragraph 148 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 148 of the Complaint.

149.    As to the allegations contained in Paragraph 149 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 149 of the Complaint.

150.    As to the allegations contained in Paragraph 150 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 150 of the Complaint.

**<u>THIRD CAUSE OF ACTION</u>**

151.    As to the allegations contained in Paragraph 151 of the Complaint, Defendants re-state all prior responses as if fully set forth herein.

152.    As to the allegations in Paragraph 152 of the Complaint, admit that Plaintiff is a female woman and refer all questions of law to the Court.

153.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 153 of the Complaint

154. As to the allegations contained in Paragraph 154 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 154 of the Complaint.

155. As to the allegations contained in Paragraph 155 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 155 of the Complaint.

156. As to the allegations contained in Paragraph 156 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 156 of the Complaint.

157. As to the allegations contained in Paragraph 157 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 157 of the Complaint.

158. As to the allegations contained in Paragraph 158 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed against Defendants Leggett, Wellington, Wright and

Brown in their official and individual capacity.  As to Defendant OPWDD, said Defendant denies the allegations contained in Paragraph 158 of the Complaint.

## FOURTH CAUSE OF ACTION

159.    As to the allegations contained in Paragraph 159 of the Complaint, Defendants re-state all prior responses as if fully set forth herein.

160.    As to the allegations contained in Paragraph 160 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed as against all Defendants, thus, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161.    As to the allegations contained in Paragraph 161 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed as against all Defendants, thus, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162.    As to the allegations contained in Paragraph 162 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed as against all Defendants, thus, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.    As to the allegations contained in Paragraph 163 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed as against all Defendants, thus, no response is required.

To the extent a response is required, Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164. As to the allegations contained in Paragraph 164 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed as against all Defendants, thus, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 164 of the Complaint.

## FIFTH CAUSE OF ACTION

165. As to the allegations contained in Paragraph 159 of the Complaint, Defendants re-state all prior responses as if fully set forth herein.

166. As to the allegations contained in Paragraph 166 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed as against OPWDD and Defendants Leggett, Wellington, Wright and Brown in their official capacity and thus no response is required.  As to Defendants Leggett, Wellington, Wright and Brown in their individual capacities, said Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167. As to the allegations contained in Paragraph 167 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed as against OPWDD and Defendants Leggett, Wellington, Wright and Brown in their official capacity and thus no response is required.  As to Defendants Leggett, Wellington, Wright and Brown in their individual capacities, said Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168. As to the allegations contained in Paragraph 168 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed as against OPWDD and Defendants Leggett, Wellington, Wright and Brown in their official capacity and thus no response is required.  As to Defendants Leggett, Wellington, Wright and Brown in their individual capacities, said Defendants deny the allegations contained in Paragraph 168 of the Complaint.

169. As to the allegations contained in Paragraph 169 of the Complaint, pursuant to the Decision and Order of this Court dated March 9, 2026 (Dkt. No. 34), this cause of action has been dismissed as against OPWDD and Defendants Leggett, Wellington, Wright and Brown in their official capacity and thus no response is required.  As to Defendants Leggett, Wellington, Wright and Brown in their individual capacities, said Defendants deny the allegations contained in Paragraph 169 of the Complaint.

## SIXTH CAUSE OF ACTION

170. As to the allegations contained in Paragraph 170 of the Complaint, Defendants re-state all prior responses as if fully set forth herein.

171. Deny the allegations set forth in Paragraph 171 of the Complaint.

172. Deny the allegations set forth in Paragraph 172 of the Complaint.

173. Deny the allegations set forth in Paragraph 173 of the Complaint.

174. Deny the allegations set forth in Paragraph 174 of the Complaint.

175. Deny the allegations set forth in Paragraph 175 of the Complaint.

176. Deny the allegations set forth in Paragraph 176 of the Complaint.

177. Deny that Plaintiff is entitled to any form of relief in this action, including the relief requested in the "WHEREFORE" clause of the Complaint.

178. Deny any allegation of the Complaint not specifically responded to above.

**<u>AFFIRMATIVE DEFENSES</u>**

179. The Complaint fails to state a claim upon which relief can be granted.

180. At all relevant times, Defendants acted under the reasonable belief that their conduct was in accordance with clearly established law.  Defendants, therefore, are protected under the doctrine of qualified immunity.

181. The Complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

182. The Complaint is barred, at least in part, by the applicable statute of limitations.

183. The Complaint is barred, in whole or in part, under the Eleventh Amendment.

184. Any injuries allegedly sustained by Plaintiff were due, in whole or in part, to Plaintiff's own conduct.

185. Defendants were not personally involved in any alleged constitutional or statutory violations, and therefore they are not liable under 42 U.S.C. § 1983.

186. Defendants had a legitimate, independent, non-discriminatory and non-retaliatory reason for any and all actions taken against Plaintiff.

187. The answering Defendants are entitled to state common law immunity.

188. Plaintiff has failed to exhaust administrative remedies.

189. Plaintiff failed to mitigate any damages she may have sustained.

190. Defendants did not participate, condone, or acquiesce in any policy or practice that discriminated against Plaintiff on any unlawful basis.

191. Defendants exercised reasonable care to prevent and/or correct discriminatory or harassing conduct.

192.    Plaintiff failed to take advantage of preventive or corrective opportunities available

to her or to otherwise avoid harm.

193.    This action is barred by the election of remedies.

## **JURY DEMAND**

194.    Defendants hereby request a trial by jury.

WHEREFORE, Defendants respectfully ask that this Court deny the relief requested,

dismiss the Amended Complaint, and grant such other relief as to the Court shall seem is just and

equitable.

Dated: April 1, 2026

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224
By: s/ *Erin Mead*
Erin Mead
Assistant Attorney General, of Counsel
Bar Roll No. 106033
Telephone: 518-776-2721
Email: Erin.Mead@ag.ny.gov